East'n District.
*May*, 1824.

CHRISTY
*vs.*
CASANAVE.

——◦◦◦——

## BOULIGNY vs. DORMENON & AL.

APPEAL from the court of the fourth district.

MATTHEWS, J. delivered the opinion of the court. In this case the petitioner states himself to be owner of a tract of land, of 35 arpents front on the Misssissippi, situated in the parish of Pointe Coupee, that the parish judge of the said parish, proceeded to an adjudication of the making and constructing a levee on the whole front of said land, to A. Webb, for the price or hire of 215 dollars for each arpent in front. He alleges that this proceeding on the

Landholders are compellable to make or repair their *levees*, according to parish regulations, and those have no binding force, before promulgation.

East. District.
*May,* 1824.

BOULIGNY
*vs.*
DORMENON
& AL.

part of the judge was carried on without fulfilling any of the formalities required by law, and the police regulations of Pointe Coupée, made and appointed by the proper authority of that parish, in conformity with powers granted by the legislature of the state ; that Webb acquired no legal right by said adjudication, to construct the levee, and recover the price of his labour, to the great damage and injury of the petitioner. An injunction was prayed for; and that the contract of adjudication should be annulled. The injunction was granted in the first instance, but was afterwards, on hearing the cause, dissolved by the district court; and from the decree of dissolution, the complainant took the present appeal.

In the course of the trial of the cause in the court below, the counsel for the defendants moved to have the parish judge's name stricken from the suit, and that he might be sworn as a witness for his co-defendant, as the former had no interest in the event of the case, and had been improperly made a party to the action.

This motion was objected to by the plaintiff's counsel, and the objection being over-

ruled, he took a bill of exceptions to the opi-
nion of the judge, &c.

The conduct of the judge, in the discharge of his official duties, if he erred in performing them, can be considered in no other light than a mistake or misfeasance. Any claim of damages against him could arise only in *delictu*. Therefore, according to the doctrine recognized by this court in the case of *Curtis* vs. *Graham*, reported in 12 *Martin*, 289, and which we believe to be sound, a co-defendant, in trespass, may, if there be slight evidence, or none, against him, be sworn as a witness for the other defendants. The situation of Dormenon in the present suit, places him under the operation of this rule, as the record exhibits no evidence of any gross error in his proceedings; however, he may have failed in pursuing strictly the law and police regulations; so as to give full force and effect to the contract which grew out of the adjudication of making the appellant's levee, to his co-defendant, who appears to have been the lowest bidder, The judge *a quo* did not err in admitting his testimony.

The general rules established by the state legislature, on the subject of levees, are found

East'nDistrict. in the acts of 1807 & 1813. By these laws,
*May*, 1824. power is granted to the police juries of the
BOULIGNY different parishes of the state, to make such
*vs.* regulations as they deem expedient, "as
DORMENON to the proportion and direction, the making
& AL. and repairing of dykes and levees, &c."

In pursuance of this power, the police jury
of Pointe Coupee made several ordinances on
the subject of the construction and repairs of
levees; by which their size in relation to base,
height above the highest water, and width on
top, are fixed and defined by general regula-
tions for the whole parish. The distance at
which they are to be placed from the natural
banks of the rivers or bayous, where their con-
struction may be required, and the manner of
digging earth to raise them; preparing their
foundations &c., are all pointed out by said
regulations. But these ordinances have never
been printed, published, or in any manner pro-
mulgated, in the parish for which they were
ordained, and intended to serve as rules of con-
duct for the proprietors of land which requires
the protection of levees. All laws, to be bind-
ing on the citizens, ought to be known; at
least, the means of knowing them ought to be
afforded; which has not been done in relation

to the regulations of the parish of Pointe Coupee, as appears from the testimony of L. Hermite, one of the witnesses, &c.

East'n District: *May*, 1824.

BOULIGNY
*vs.*
DORMENON
& AL.

The appellant could therefore not know, from any thing that appears in the evidence of the case, either the breadth or height of the levee which he was called upon to make. Neither could he know the manner in which it was to be constructed, or the time within which the work was required to be completed. Admitting that there is proof of notice to A. Beauvais, the acknowledged agent of the plaintiff, that the latter was required to make a levee on his land, it is not shewn that any information of the extent of the work which was ordered to be done, or the time when it should be commenced or finished, was communicated to said agent. The law of 1807, which requires that parish regulations should be published, posted up at the door of the parish church, and in other public places, and notified to all the parishioners by means of circular letters, seems not to have been complied with by the judge of Pointe Coupee; at least the record in the present case does not shew that any one of these requisites has been fulfilled.

East'n District.
*May,* 1824.

BOULIGNY
*vs.*
DORMENON
& AL.

It is a maxim of law, that owners may use their property in any manner that seems good to them; with the exception of not doing injury to others: *sic tuum utere ut alium non ledas.* From the situation of proprietors of land on the Mississippi, subject to a semi-annual inundation, this exception to a free and uncontrolled use of their property by individual owners, is from necessity enlarged; and ought, perhaps, in furtherance of public good, to be enforced with more rigour than in countries differently circumstanced. Still all regulations made, under pretence of public benefit, which interfere with the rights of individual proprietors, should be strictly pursued in order to derogate from these rights. To point out the time within which riparian proprietors of land should construct their levees, and the manner of their construction and annual repairs, is certainly within the legitimate exercise of power granted to police juries. But when the parish judge, who is by law authorised to carry such regulations into effect, proceeds to the extensive limit of his authority, that is to assume the right and privilege of the owner, so far as to contract for the construction and making of his levees, and

East'n District.
*May,* 1824.

BOULIGNY
*vs.*
DORMENON
& AL.

the latter opposes the execution of such contract, before effect should be decreed to it, full proof, according to the greatest solemnity of law, ought to be required ; to shew that every requisition has been fully complied with, by the public agent.

According to the acts of the legislature last cited, it is only after a special order of the judge to the proprietor, to execute these works on his levees in the manner prescribed by the police regulations, that the former can order the work to be made at the expense of the latter, either by the job, or by the inhabitants of the parish.

In the present case, it does not appear that the order of notification to the proprietor contained any instructions, as to the time within which the work must be completed, or the manner in which it was to be executed. This defect of knowledge on the part of the owner, of these matters of which it was necessary that he should be informed, is not cured by any acquaintance with the parish regulations, for they were not published, as the law requires; and therefore are not binding on the parishioners.

BOULIGNY
*vs.*
DORMENON
& AL.

It is only in pursuance of parish regulations, that proprietors can be compelled to make and repair the levees on their land, and these regulations cannot be considered as having a binding effect on the inhabitants, until after promulgation according to law ; which does not seem to have taken place in the parish of Pointe Coupee.

On this ground, the court is unanimously of opinion that the adjudication to the defendant Webb, is not conclusive on the plaintiff ; and that he has a right to be released from all obligations created by the contract of adjudication aforesaid.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, &c., and that the injunction heretofore granted in the case, be revived, and made perpetual.

*Derbigny* for the plaintiff, *Watts* for the defendants.